### GEORGE COLLINS V. THE STATE.

*No. 649.    Decided January 26.*

1. **Recognizance—When Defective—May be Supplied, When—Practice on Appeal.**—On appeal in a misdemeanor, where a motion to dismiss is made on account of a defective recognizance, if a sufficient recognizance be filed pending the motion, the motion will be overruled.

2. **Sale of Liquor on Sunday—Liability of Bartender Where Sale is by the Bartender or Porter.**—In a prosecution for violation of the Sunday law, for selling liquor on Sunday, where it is shown that the bartender was present, it is immaterial whether the bartender or his servant, the porter, who was under the control of defendant at the time, waited upon the customer. *Held*, that the conviction of the former was proper.

APPEAL from the County Court of Tarrant. Tried below before Hon. D. H. SCOTT, County Judge.

The conviction in this case was for violation of the Sunday law; the punishment was assessed at a fine of $150.

W. F. Rodgers, witness for the State, testified in substance, that he went into the Board of Trade saloon, in the city of Fort Worth, Texas, where the defendant was employed as bartender, on two different occasions, both on Sunday, and called for a drink of whisky and paid for it; he did not know who handed him the whisky, or who got the money for it. The defendant and the porter were behind the counter

when he asked for and received the whisky. The defendant was barkeeper in the Board of Trade saloon at the time; but witness did not know in whose employ defendant was.

No further statement necessary.

*James S. Davis,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—On a former day of the term the State submitted a motion to dismiss this appeal on account of a defective recognizance. A correct recognizance has been filed, supplying this defect, wherefore the motion is overruled.

A reversal of judgment is sought, upon the ground that the evidence is not sufficient to show appellant sold the liquor on Sunday, as alleged. That the sale was made is beyond dispute. That it was on Sunday is equally certain, and, under the facts, we think it is immaterial whether appellant, as barkeeper, or his servant, the porter, waited upon the customer. They were both behind the bar, in front of the customer, and standing together at the time, but the witness testified, that he could not state which of the two waited on him or received the pay. The porter was under the control and subject to the orders of the bartender, the appellant in this case. Under this state of case, we think it immaterial who did wait upon the customer. It is unnecessary to elaborate this question.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.